# MAY v. BRYAN.


EQUITY; JUDGMENT CREDITOR'S SUITS.

In a judgment creditor's suit whereby the interest of the judgment
  defendant in a certain estate in the hands of trustees, who
  were made parties, was sought to be subjected to the payment
  of the judgment, a decree was *affirmed*, on an appeal by the
  judgment defendant alone, which provided that unless the
  trustees within 45 days should pay the judgment, the interest
  of the judgment defendant in the estate should be sold, subject
  to the rights of a mortgagee who was not a party to the suit.

No. 976. Submitted May 8, 1900. Decided June 6, 1900.

HEARING on an appeal by the defendant from a decree of
the Supreme Court of the District of Columbia, in suit in
equity to subject an equitable interest of the defendant to
the satisfaction of a judgment. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Edward A. Newman* and *Mr. John Ridout* for the
appellant.

*Mr. F. P. B. Sands* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This suit began with a creditor's bill filed by Charles C.
Bryan, November 5, 1895, against William May, as sole
defendant, to subject his interest in the estate of John F.
May to sale for the satisfaction of a judgment recovered
against said William May for $345.65, and which was not
collectible otherwise. That bill was dismissed for want of
necessary parties; and on appeal the general correctness of
the decree was affirmed; but it was modified, for reasons
given in the opinion, so as to permit the plaintiff to amend
and proceed with his suit by making necessary parties.
*Bryan* v. *May*, 9 App. D. C. 383.

As suggested in the opinion aforesaid, plaintiff amended his bill, making the trustees of the estate of John F. May parties, and praying relief against the interest of William May in the revenues, as well as the body of the estate.

After much delay, reference was made to the auditor to report the net balance of the rents of the estate of John F. May in the hands of the trustees, and the distributive share of the defendant, William May, therein. From the report made, it appears that on October 1, 1899, the trustees had in hand, on account of the share of William May, the sum of $1,451.26, which sum is probably subject to a mortgage in favor of Victorine U. Learned, that is referred to in the former opinion in this case. Objections to this report were filed by William May. On hearing, January 5, 1900, said exceptions were overruled without prejudice, and decree rendered to the effect that unless the trustees shall within forty-five days pay the plaintiff's judgment, with interest and costs, the interest of William May in the real estate of John F. May, as designated, shall be sold and the proceeds applied thereto. Said sale was ordered subject to any rights that the said Victorine U. Learned might have by virtue of her said mortgage.

There is no merit whatever in this appeal.

When the case was here on the first appeal, before referred to, it was not denied, but affirmed, by the court that the judgment creditor would be entitled to a decree for the sale of the interest of the judgment debtor in the lands devised by John F. May; but, as it seemed from the record then that the interest of the defendant in the revenues of said estate ought to be ample to discharge the judgment, it was deemed reasonable, and not unjust to the plaintiff, that recourse should first be had thereto. This was accorded to the defendant rather as a matter of grace, within the sound discretion of a court of equity, than as a right.

Instead of accepting, and seeking promptly to avail himself of, the suggested disposition for his advantage, the

judgment debtor seems to have adopted a policy of obstruction. More than three years of contention elapsed between the filing of the amended bill and the final decree.

The cloud of the Learned mortgage, the substantial interposition of which seemed, on the former appeal, a remote contingency, instead of being removed, as was then anticipated, has grown in proportions and threatens the absorption of defendant's interest in the accrued revenues. It would be unreasonable now to compel the plaintiff to undergo the further expense and delay involved in bringing the non-resident mortgagee before the court and adjusting the equities between the defendant and her, as well as between him and his contending trustee.

His claim has been established as just and remains unsatisfied. He has been put to much expense and has suffered long delay. It would be unjust to subject him to further delay for any reason that has been assigned on this appeal.

If the defendant shall sustain detriment, through the decree of sale as rendered, he will have himself to blame for it. The form of that decree, as it affects the trustees, is subject to some criticism; but they have not appealed from it. Substantially, however, it amounts to nothing more than this: The trustees are authorized to pay the plaintiff's judgment out of the fund in their possession on account of the interest of William May; if they do so they shall have credit therefor in their account with him; if they do not, within the time allowed, then the interest of William May in the lands subject to the trust shall be sold, subject to whatever right the mortgagee, Learned, may have in the premises. The trustees, therefore, can not be prejudiced.

For the reasons given the decree will be affirmed, with costs.                                        *Affirmed.*